

DA 07-0608

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 84N

IN THE MATTER OF
A.S. and A.S.,

     Youths in Need of Care.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause Nos. DN 05-043.02, DN 05-043.03
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jim Wheelis, Chief Appellate Defender; Lisa S. Korchinski
Assistant Appellate Defender, Helena, Montana

    For Appellee:

        Hon. Mike McGrath, Montana Attorney General; C. Mark Fowler
Assistant Attorney General, Helena, Montana

        Cyndee L. Peterson, Hill County Attorney, Havre, Montana

Submitted on Briefs:  February 13, 2008

Decided:  March 11, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 T.S. appeals from the judgment entered by the Twelfth Judicial District Court, Hill County, on its order terminating her parental rights to her children, A.S. and A.S., and granting permanent legal custody of the children to the Montana Department of Public Health and Human Services. We affirm.

¶3 We review a district court's decision to terminate parental rights for an abuse of discretion. *In re L.H.*, 2007 MT 70, ¶ 13, 336 Mont. 405, ¶ 13, 154 P.3d 622, ¶ 13. In analyzing whether a district court abused its discretion, we review the court's underlying findings of fact to determine whether those findings are clearly erroneous and its conclusions of law to determine whether those conclusions are correct. *In re L.H.*, ¶ 13.

¶4 In its order terminating T.S.'s parental rights to A.S. and A.S., the District Court found that the children previously had been adjudicated youths in need of care, the court had approved a treatment plan for T.S., T.S. had failed to successfully complete all the requirements of her treatment plan, T.S.'s conduct which renders her unfit to parent was unlikely to change within a reasonable length of time, and continuation of the parent-child

2

relationship between T.S. and her two children would likely result in continued abuse or neglect. With regard to T.S.'s failure to successfully complete the requirements of her treatment plan, the District Court specifically found that 1) although T.S. had obtained a chemical dependency evaluation and received some treatment for her marijuana dependency, she continued to possess and use marijuana; 2) T.S. had not maintained a drug-free home; 3) T.S. had been charged with several criminal offenses during the pendency of the child abuse and neglect proceedings; and 4) T.S. had not substantially complied with the requirement to maintain weekly contact with her social worker. Based on the above findings, the District Court concluded that the requirements for termination contained in § 41-3-609(1)(f), MCA, had been met and terminated T.S.'s parental rights to A.S. and A.S. on that basis.

¶5    T.S.'s only argument on appeal is that the District Court's finding that she had failed to maintain a drug-free home is clearly erroneous because it is not supported by substantial credible evidence of record and, as a result, the court's termination of her parental rights was an abuse of discretion. It is well-established, however, that we require complete compliance with a court-ordered treatment plan and partial, or even substantial, compliance is insufficient. *In re L.H.*, ¶ 19 (citations omitted). T.S. challenges only one of the four bases on which the District Court found that she had not complied with her court-ordered treatment plan and none of the other aspects of its decision. Consequently, separate, sufficient and unchallenged bases support the District Court's finding that T.S. had failed to comply with her treatment plan and its termination of her parental rights.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because there is clearly sufficient evidence to support the District Court's findings of fact, the issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there clearly was no abuse of judicial discretion.

¶7 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM RICE
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON